UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KING COUNTY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAMMAMISH,<br><br>　　　　　　　Defendant. | No. _____<br><br>**COMPLAINT** |

## I.　INTRODUCTION

1.　In this action, King County seeks a declaratory judgment that the City of Sammamish's latest attempts to interfere with King County's construction of the East Lake Sammamish Trail ("ELST") violates state and federal law. The Interstate Commerce Commission Termination Act, 49 U.S.C. § 10501(b) ("ICCTA"), preempts the City of Sammamish's attempt to assert control over a federally-regulated railroad corridor, especially one that has been "railbanked" under the National Trails System Act Amendments of 1983, Pub.L. No. 98–11, § 208, 97 Stat. 42, codified at 16 U.S.C. § 1247(d) (2006) ("Trails Act").

2.　This is not the first time the City of Sammamish has violated federal law by attempting to impede the King County Parks Department from constructing the ELST. This case is just the latest iteration in the "highly contentious matter" that is the "disposition of the

COMPLAINT – 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

Redmond–Issaquah [railroad] line." *Redmond-Issaquah R.R. Pres. Ass'n v. Surface Transp. Bd.*, 223 F.3d 1057, 1058 (9th Cir. 2000).

3. In a previous case against Sammamish, *Friends of the E. Lake Sammamish Trail v. City of Sammamish*, 361 F. Supp. 2d 1260 (W.D. Wash. 2005) (J. Coughenour), this Court ruled that the City's attempts to "frustrate development of a trail on the railbanked right of way" were an "obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Friends of the E. Lake Sammamish Trail v. City of Sammamish*, 361 F. Supp. 2d 1260, 1274 (W.D. Wash. 2005). As a result, the Trails Act preempted illegal provisions in the Sammamish Municipal Code and the Sammamish Development Code that were designed to impede construction of the ELST. *Id.* at 1265.

4. Now, over ten years later, the City of Sammamish is once again violating federal law through its attempts to prevent King County's construction of a permanent, paved trail pursuant to the Trails Act.

5. In addition, the City has also violated Washington law, including the Growth Management Act, by impeding the design and precluding the development and operation of an essential public facility.

## II.    PARTIES

6. Plaintiff King County is a municipal corporation organized and existing under the laws of the State of Washington.

7. Defendant City of Sammamish is a municipal corporation organized and existing under the laws of the State of Washington.

## III.    JURISDICTION & VENUE

8. This Court has jurisdiction over this litigation pursuant to 28 U.S.C. § 2201, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

9. This Court is the proper venue for this dispute pursuant to 28 U.S.C. § 1391.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

# IV.  FACTS

10. The East Lake Sammamish Trail is an 11-mile "missing link" in a 44-mile-long regional trail corridor that will connect the Burke-Gilman Trail, the Sammamish River Trail, the Marymoor Connector Trail, and the Issaquah-Preston Trail, linking Seattle to the Eastside and the Cascade Foothills.  The ELST is a County park, and once construction is completed, it will provide a multi-use recreational trail and non-motorized transportation corridor to residents from the City of Sammamish, King County, and throughout the region.

11. After this Court overturned the City of Sammamish's previous efforts to prevent construction of the ELST in *Friends of the E. Lake Sammamish Trail*, 361 F. Supp. 2d at 1274, King County completed construction of an interim, gravel trail in 2006.

12. King County is currently upgrading the interim, gravel trail to a permanent, paved trail.  King County has divided the 11-mile ELST into five segments for planning purposes.  The first segment, located in the City of Redmond, was completed in 2011.  The second segment, located in the City of Issaquah, was completed in 2013.  The third segment, located in the City of Sammamish, was completed in 2015.

13. King County has applied for permits for the final segment of the ELST, a 3.6 mile section known as South Sammamish Segment B, and the City is reviewing the permit applications. South Sammamish Segment B, which is immediately to the north of South Sammamish Segment A, runs from SE 33rd Street to Inglewood Hill Road.  In the fall of 2016, the City repeatedly impeded the County's attempts to submit the permit applications for this segment.

14. This case involves the fourth segment of the ELST, a 1.3 mile section between SE 43rd Way and SE 33rd Street known as South Sammamish Segment A.  King County applied for and obtained numerous permits before beginning construction of the paved trail in South Sammamish Segment A.  In addition to a shoreline substantial development permit, the City of Sammamish required King County to apply for and obtain a clearing and grading permit, No.

COMPLAINT – 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

CG2016-03488, before construction could begin. The shoreline substantial development permit application process was lengthy and expensive for the County, in large part because the City took almost a year to review the County's permit application and ultimately imposed unnecessary, unlawful and burdensome permit conditions. Several of the City's conditions were later stricken in administrative proceedings. Nonetheless, the City eventually granted King County permits to construct the trail.

15. To construct the permanent trail, King County temporarily closed the gravel, interim trail in South Sammamish Segment A and began construction on December 19, 2016. King County planned to complete construction of the paved trail within twelve months, intending to reopen the ELST in approximately December of 2017.

16. The City of Sammamish is now threatening to revoke clearing and grading permit No. CG2016-03488 and to halt King County's construction in South Sammamish Segment A. This would prevent King County from reopening South Sammamish Segment A, thereby turning the temporary closure for construction into a permanent bar on the recreational trail.

> **A.   The ELST Is A Federally-Regulated Railroad Corridor Subject To The Jurisdiction Of The STB.**

17. The Seattle, Lake Shore & Eastern Railway Company ("SLS&E"), a predecessor of BNSF Railway Co. ("BNSF"), originally assembled the Corridor containing the ELST in the 1890s. The Corridor contains a mix of property interests that BNSF acquired as railroad easements or fee simple, depending on the terms of each acquisition. *See Hornish v. King Cty.*, No. 2:15-cv-00284-MJP, 182 F. Supp. 3d 1124 (W.D. Wash. 2016) (J. Pechman), *appeal docketed*, No. 16-35486 (9th Cir.). In addition to acquisitions from private parties, the SLS&E acquired one relevant portion of South Sammamish Segment A as a land grant from the United States through the General Railway Right of Way Act of 1875, 18 Stat. 482, 43 U.S.C. §§ 934-939 (repealed 1976).

COMPLAINT – 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

18. The Trails Act permits railroads to transfer managerial responsibility to a state or local government entity that agrees to maintain the right of way for interim use as a recreational trail. Through railbanking, the Trails Act preempts any extinguishment of any railroad easements and any reversion to another owner that would normally occur under state law doctrines regarding discontinuation of use. In this way, through the Trails Act, the Corridor remains under STB jurisdiction so that it can be reactivated for rail use.

19. In early 1997, BNSF conveyed its ownership interest in the Corridor to The Land Conservancy ("TLC") through a duly-recorded quit claim deed. On September 16, 1998, the Surface Transportation Board issued an order "railbanking" the Corridor under the Trails Act and authorizing interim use as a recreational trail. On September 18, 1998, TLC conveyed the Corridor to King County through a duly-recorded quit claim deed.

20. Because of the Trails Act, the Corridor remains a federally-regulated railroad corridor designated for interim use as a recreational trail. As stated in the Trails Act:

> The Secretary of Transportation, the Chairman of the Surface Transportation Board, and the Secretary of the Interior, in administering the Railroad Revitalization and Regulatory Reform Act of 1976 [45 U.S.C. 801 et seq.], shall encourage State and local agencies and private interests *to establish appropriate trails* using the provisions of such programs. *Consistent with the purposes of that Act, and in furtherance of the national policy to preserve established railroad rights-of-way for future reactivation of rail service*, to protect rail transportation corridors, and to encourage energy efficient transportation use, in the case of *interim use of any established railroad rights-of-way* pursuant to donation, transfer, lease, sale, or otherwise in a manner consistent with this chapter, if such interim use is subject to restoration or reconstruction for railroad purposes, such interim use *shall not be treated*, for purposes of any law or rule of law, *as an abandonment of the use of such rights-of-way for railroad purposes*. If a State, political subdivision, or qualified private organization is prepared to assume full responsibility for management of such rights-of-way and for any legal liability arising out of such transfer or use, and for the payment of any and all taxes that may be levied or assessed against such rights-of-way, then the Board shall impose such terms and conditions as a requirement of any transfer or conveyance for interim use in a manner consistent with this chapter, and shall not

COMPLAINT – 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

> permit abandonment or discontinuance inconsistent or disruptive of such use.

18 U.S.C. § 1247(d). The Trails Act also states: "Such trails may be designated and suitably marked as parts of the nationwide system of trails by the States, their political subdivisions, or other appropriate administering agencies with the approval of the Secretary of the Interior." § 1247(e). Consistent with these provisions, King County intends construction of the ELST to fill the "missing link" in its system of regional trails.

21.   Like any active railroad, state and local attempts to control a railbanked railroad corridor are preempted by the ICCTA. According to Congress:

> The jurisdiction of the [Surface Transportation] Board over—
>
> > (1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and
> >
> > (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State,
>
> is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

49 U.S.C. § 10501(b).

**B.     The City Of Sammamish Has Repeatedly Attempted To Impede Construction Of The ELST.**

22.   The City of Sammamish and some of the adjacent homeowners who live alongside the ELST have repeatedly attempted to impede King County from completing construction of this regional trail. In the century since the SLS&E assembled the Corridor, numerous property owners have built lakeside homes sandwiched into the narrow area between the Corridor and the shore of Lake Sammamish. The value of these often-multi-million dollar lakefront properties rose dramatically after BNSF stopped operating freight trains next to or through their backyards. Since

COMPLAINT – 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1  then, dozens of those same homeowners (including Sammamish City Councilmember Thomas Hornish) have filed lawsuits seeking to stop King County's construction of a public trail alongside their homes. At the same time, many of these homeowners have sought tens of millions of dollars from the federal government for takings claims arising by operation of the Trails Act.

23. The City of Sammamish has repeatedly failed to recognize the federal jurisdiction over this railbanked and federally-regulated railroad corridor. The City of Sammamish has repeatedly made demands on the County that go far afield of appropriate safety or environmental regulations. Many of these demands seek to protect the private interests of adjacent property owners rather than the public interest in safety or environmental protection.

24. The City of Sammamish's current attempts to impede ELST construction purportedly stem from two public crossings where 206th Avenue SE and SE 33rd Street cross the portion of the Corridor known as South Sammamish Segment A. 206th Avenue SE and SE 33rd Street are officially classified as minor dead end streets by the City of Sammamish. 206th Avenue SE provides access to just 15 homes, while SE 33rd Street serves 46 homes that have two other access points across the ELST. By contrast, original design estimates for the ELST have projected between 2,500 and 4,000 trail users would cross these intersections on peak days, and newer estimates are even higher.

25. The City holds limited crossing easements at these two locations through easement agreements originally granted by BNSF. BNSF's property rights—which were preserved by the Trails Act and transferred to King County—are superior to the rights of Sammamish and preclude the City's regulation of the intersection of the ELST and these roadways. The easement allowing 206th Avenue SE to cross the Corridor contains a reservation granting, to BNSF and to

> its successors and assigns, ***the right to construct***, maintain, use, operate, relocate, reconstruct and renew such tracks and ***facilities as it may at any time, and from time to time, desire*** within the limit of the land hereinbefore described, ***including the right and privilege to use said land for any and all purposes***, not inconsistent with the use therefore for purposes [*sic*].

COMPLAINT – 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

Similarly, the easement allowing SE 33rd Street to cross the Corridor states that BNSF,

> and its successors and assigns, reserves all rights to use the property hereinbefore described ***for any and all purposes whatsoever*** not inconsistent with the easement hereby granted, ***including***, but not limited to, ***the right to construct***, maintain, report, renew, reconstruct, replace and operate present tracks and future tracks, communication, signal and electric power lines, utilities and ***other types of facilities on said property when deemed necessary or expedient*** to the Railway Company.

The rights retained in the reservations have been transferred to King County, which now has the right under the Trails Act to build the ELST—a "facility" within the scope of these easements.

26. The City does not have any property rights in the ELST apart from those granted by the crossing agreements. The City claims that, despite the clear reservations in these agreements, the easements grant it the authority to require right of way permits ("ROW Permits") before King County can perform any construction in these portions of the ELST. Yet neither agreement authorizes the City to require ROW Permits before the railroad—or in this case, King County—can construct facilities envisioned by the Trails Act. To the contrary, the railroad reserved the right to construct corridor improvements. Because King County disagrees with the City's authority to require these permits, the City is threatening to revoke clearing and grading permit No. CG2016-03488 and halt construction of the ELST.

27. The City claims that obtaining ROW Permits is required by two conditions of clearing and grading permit No. CG2016-03488. According to Condition 1, bullet 12:

> The modification, relocation, or installation of a traffic control device affecting the City Right of Way (ROW) or other work connecting to the ROW (e.g. curb returns and ramps) requires approval of a ROW permit prior to placement of any such device or improvement . . . to clarify when a ROW permit is necessary, details depicting stops and other improvements must be removed from or noted accordingly with the plan set (such as the stop signs on sheets PS3 at Station 239) and applied for under a separate ROW permit. Revised plans where these items have been removed from or noted accordingly within the plan set shall be provided to and approved by the City prior to the Grading preconstruction meeting.

COMPLAINT – 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

According to Condition 1, bullet 21:

> No work in the ROW is approved under this permit. A separate ROW permit is required for installation of any work in the ROW, including installation of any erosion control measures.

28. As a condition of granting any ROW Permits, the City has stated that King County must alter its designs for the ELST and construct unsafe intersections that will preclude reopening South Sammamish Segment A. Contrary to the expert guidance provided by King County's engineers, the City of Sammamish has ordered King County to give priority of assignment to the roadway rather than the ELST, with the result that stop signs will face *away* from vehicles, toward pedestrians using the trail. This condition of Sammamish's ROW Permits is contrary to national design and safety standards and conflicts with Washington laws such as RCW 46.61.235(1). This unsafe design would impose an untenable level of risk for cyclists and pedestrians, implying a right of way for moving vehicles and forcing pedestrians to cross in the vehicle's uncontrolled path, contrary to properly designed crosswalks elsewhere in the state.

29. King County refused to modify the design to give priority of assignment to vehicles on the roadway because the project's design team and outside experts determined this would not be consistent with safety standards and would result in an unsafe condition for the public. King County's plans for the ELST provide the safest design for these two roadway-trail intersections, complying with all applicable standards including the Manual on Uniform Traffic Control Devices (MUTCD), the American Association of State Highway and Transportation Officials Guide for the Development of Bicycle Facilities, and the Washington State Department of Transportation Design Manual.

30. Before including unsafe placement of stop signs as a condition of any ROW Permit, the City of Sammamish previously tried forcing King County to place stop signs in the same locations as a condition of the shoreline substantial development permit for South Sammamish Segment A. The Washington Shorelines Hearing Board struck this "unusual condition to be

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

placed on an SSDP," because it was unrelated to compliance with the Shoreline Management Act. *Sammamish Homeowners v. City of Sammamish*, No. 15-012c, 2016 WL 5867913, at *13 (Shorelines Hr'g Bd. Sept. 15, 2016).

31.     As a sign of good faith and to minimize additional delays, King County originally decided to submit applications for ROW permits while its staff reviewed the City's jurisdiction over the crossings at 206th Avenue SE and SE 33rd Street. On May 4, 2017, King County submitted ROW permit applications, along with the following disclaimer to preserve the County's position regarding the City's lack of jurisdiction:

> By making this permit application, King County does not waive, and intends to fully preserve, all rights King County possesses to the Corridor, including its ownership and control of the Corridor at issue in this permit application as well as other portions of the Corridor. King County does not concede that any permit is required from the City to undertake work or modify traffic control in the area of the Corridor at issue. Nor does King County agree that the City has any power to impose conditions on the County as part of any process to review or issue such permit.

After determining that BNSF's reservations did not create jurisdiction for the City, King County withdrew its applications for the unnecessary ROW Permits on May 23, 2017.

32.     Also on May 23, 2017, King County sent the City of Sammamish a letter explaining that the ROW permit conditions did not apply to this project because the ELST corridor is not City ROW under the crossing easements. While the easements authorize a street crossing, the City's property interest in these public streets is subject to the superior rights of the railroad, including the rights reserved by the railroad. King County also explained, as it has on numerous prior occasions, that the City's design conditions are unsafe, and they will increase the number of injuries along the ELST:

> This is the safest design for these two roadway-trail intersections and is in compliance with all applicable standards including the Manual on Uniform Traffic Control Devices, 2009 edition (MUTCD), the American Association of State Highway and Transportation Officials Guide for the Development of Bicycle

COMPLAINT – 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

> Facilities, 2012 (AASHTO), and the WSDOT Design Manual, July 2012.
>
> * * *
>
> With respect to these two intersections, installing stop signs to stop path users will not improve safety or prevent accidents. In fact, it will result in a false sense of safety or control on the part of the trail and roadway user that may result in additional accidents or conflicts.

Ltr. from K. Brown to L. Howard (May 23, 2017), attached as Ex. 1.

33. In response, the City of Sammamish threatened to revoke the permission it has already granted for construction in South Sammamish Segment A, including clearing and grading permit No. CG2016-03488. On June 9, 2017, the City of Sammamish wrote to King County:

> the County will now need to submit a new permit application before any work in the 206th Avenue SE or SE 33rd Street ROW will be authorized.
>
> * * *
>
> Moreover, without the required ROW permit, the County will likely be in violation of the conditions of approval of the C&G permit for Segment 2A, as explained below. Because of your actions, the City is forced to consider suspending the C&G permit and instituting proceedings to revoke it under SMC Sections 21A.115.040 and .050.

Ltr. from L. Howard to K. Brown (June 9, 2017), attached as Ex. 2. Thus, the City has escalated a dispute regarding authority over intersections with two dead end roads into a threat to revoke clearing and grading permit No. CG2016-03488 and prohibit the County from continuing with construction of the ELST.

34. Concurrent with the filing on this Complaint, on June 14, 2017, King County responded to the City's threats, setting out King County's positions and informing the City that its actions left the County with no choice but to file this Complaint. Ltr from K. Brown to L. Howard (June 14, 2017), attached as Ex. 3.

35. Because King County would be at substantial risk of claims, litigation and/or liability for any injuries resulting from this unsafe design, the County cannot reopen the trail with the unsafe conditions required by the City, nor can King County implement City requirements that

COMPLAINT – 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

would violate state statutes, including provisions of the motor vehicle code applicable to crosswalks. Construction is already well underway in South Sammamish Segment A, which cannot reopen in its current state. As a result, if the City prevails in its viewpoint, Sammamish will cause a permanent closure of the interim trail, without any possibility for reopening.

### C. The City Of Sammamish's Attempts To Interfere With Construction Of The ELST Are Contrary To Washington Law.

36. The City of Sammamish's attempt to require placement of stop signs in a dangerous manner is contrary to Washington law, including the Growth Management Act ("GMA"). Under the GMA, "[n]o local comprehensive plan or development regulation may preclude the siting of essential public facilities." RCW 36.70A.200(5). The ELST is an essential public facility within the scope of the GMA. By rendering it impossible to design the ELST in a safe manner consistent with national standards, the City has effectively precluded King County from reopening this essential public facility.

### D. The City Of Sammamish's Attempts To Interfere With Construction Of The ELST Are Preempted by The Trails Act And The ICCTA.

37. The City of Sammamish's actions are also contrary to federal law. The Supremacy Clause of the United States Constitution provides that "[t]his Constitution and the laws of the United States which shall be made in pursuance thereof; in all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land." U.S. CONST. art. VI, cl. 2.

38. The doctrine of conflict preemption prohibits the City of Sammamish's attempt to stop construction of the ELST, because the City's actions are an obstacle to the accomplishment of Congressional intent to facilitate the construction of a recreational trail. Through the Trails Act, Congress has designated the ELST for development of a recreational trail. Through its actions to impede that trail, the City of Sammamish has violated the express will of Congress.

COMPLAINT – 12

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

The Supremacy Clause mandates that the will of Congress, rather than the will of Sammamish, will prevail.

## FIRST CAUSE OF ACTION
### Declaratory Judgment Regarding Preemption By Federal Law

39. King County re-alleges and incorporates by reference the allegations contained in the previous paragraphs.

40. A declaratory judgment regarding preemption by federal law is proper pursuant to 28 U.S.C. §§ 2201 and 2202 because an actual and justiciable controversy exists among the parties as to their respective rights and obligations under the Trails Act and the ICCTA.

41. King County is entitled to a declaratory judgment that the City of Sammamish's attempts to interfere with construction of the East Lake Sammamish Trail are preempted by the Trails Act and the ICCTA.

## SECOND CAUSE OF ACTION
### Declaratory Judgment Regarding Violation Of Washington Law

42. King County re-alleges and incorporates by reference the allegations contained in the previous paragraphs.

43. A declaratory judgment regarding the City of Sammamish's violations of Washington Law is proper pursuant to 28 U.S.C. §§ 2201 and 2202 because an actual and justiciable controversy exists among the parties as to their respective rights and obligations under Washington law.

44. King County is entitled to a declaratory judgment that the City of Sammamish's attempts to interfere with construction of the East Lake Sammamish Trail are contrary to Washington law, including the Growth Management Act.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff King County prays for the following relief:

A. For declaratory relief setting forth the parties' rights and obligations regarding the ELST;

B. For King County's costs and attorneys' fees herein; and

C. For such other relief as the Court deems just and equitable.

DATED this 14th day of June, 2017.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: *s/ David J. Hackett*
DAVID HACKETT, WSBA #21236
Senior Deputy Prosecuting Attorney

King County Prosecuting Attorney's Office
500 Fourth Ave., 9th Floor
Seattle, WA 98104
Telephone: (206) 296-8820 / Fax: (206) 296-8819
Email: david.hackett@kingcounty.gov

By: *s/ Emily J. Harris*
By: *s/ David I. Freeburg*
By: *s/ Mallory L.B. Satre*
EMILY J. HARRIS, WSBA #35763
DAVID I. FREEBURG, WSBA #48935
MALLORY L.B. SATRE, WSBA #50194
Special Deputy Prosecuting Attorneys
Corr Cronin Michelson
Baumgardner Fogg & Moore LLP
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154
Telephone: (206) 625-8600 / Fax: (206) 625-0900
Email: eharris@corrcronin.com
        dfreeburg@corrcronin.com
        msatre@corrcronin.com

*Attorneys for Plaintiff King County*

COMPLAINT – 14

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819